**CORRECTED COPY**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1232V
**Filed: October 11, 2019**
UNPUBLISHED

|  |  |
|---|---|
| DALE KILPATRIC,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Brenton Aaron Elswick*, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Corcoran,** Chief Special Master:

On August 16, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury causally related to the influenza vaccination he received on September 14, 2016. Petition at ¶¶ 1, 8, 9. On August 30, 2019, a decision was issued awarding compensation to petitioner based on the parties' stipulation. ECF No. 27.

On October 30, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 31. Petitioner requests attorneys' fees in the amount of $40,994.60 and attorneys' costs in the amount of $1,330.43. *Id.* at 1. In compliance with General Order #9,

---

[1] It is my intent to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I find that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 31-3. Thus, the total amount requested is $42,325.03.

On October 1, 2019, respondent filed a response to petitioner's motion. ECF No. 31. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On October 1, 2019, petitioner filed a reply. ECF No. 33. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

I have reviewed the billing records submitted with petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, I hereby **GRANT** petitioner's motion for attorneys' fees and costs.

**Accordingly, petitioner is awarded the total amount of $42,325.03[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Brenton Aaron Elswick. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.